# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| KRISTEN SONNTAG, as administrator of the estate of decedent, JAMES SONNTAG, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 21 CV 4935 |
| COOK COUNTY, Illinois, et al., | ) ) | Judge KOCORAS |
| Defendants. | ) | Magistrate Judge COX |

### PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY AND FOR A LIFT OF THE DISCOVERY STAY

Plaintiff, KRISTEN SONNTAG, by and through her counsel, The Hamilton Law Office, LLC, respectfully requests that the Court lift the discovery stay previously entered on January 11, 2023 and extend the time for the parties to complete fact discovery to March 29, 2023.

1. Plaintiff filed this lawsuit on September 16, 2021 after her husband, James Sonntag ("James"), hung himself while at the Cook County Jail. Plaintiff alleges that James was suffering from clinical depression and under the care of a psychiatrist when he was taken into custody on a minor probation violation. Defendants knew of James's depression because of a prior incarceration and because James told them about it during his intake. James's family posted his bond the same morning that he was taken into custody. Nevertheless, Defendants continued to unlawfully detain James for two more days. Fifty-two hours after his bond was posted, James took his own life inside a jail cell at Cook County Jail. James left behind his wife and two teenaged sons.

2. On December 7 and 13, 2022 the individual Sheriff defendants filed motions to dismiss Plaintiff's First Amended Complaint. *Dkt. Nos. 80, 82.* The motions were fully briefed as of February 10, 2023. *Dkt. Nos. 99, 100.* However, while these motions were pending, plaintiff filed a motion to extend discovery (*Dkt. No. 89*) and the Sheriff defendants filed a motion to stay

discovery pending resolution of their motions to dismiss (*Dkt. No. 90*). Plaintiff opposed a discovery stay because regardless of the resolution of the individual Sheriff defendants' motions to dismiss, the case would go forward against the individual county defendants, who answered Plaintiff's first amended complaint, and the corporate defendants (Defendant County and Sheriff). On January 11, 2023, the Court granted both motions. *Dkt. No. 91.* As a result, discovery has been stayed, but is also set to close this Friday, September 1, 2023.

3. Because discovery has been stayed, the parties have not been able to complete any additional discovery. Thus far, Plaintiff and the corporate defendants have answered written discovery and exchanged over 2,000 pages of documents. However, Plaintiff intends to issue written discovery to the individual defendants once the stay is lifted and the parties need to complete oral discovery.

4. "The mere filing of a motion to dismiss does not automatically stay discovery." *New England Carpenters Health and Welfare Fund v. Abbott Laboratories*, 2013 WL 690613, *1 (N.D. Ill., 2013). "Instead, a stay of discovery is generally appropriate only when a party raises a potentially dispositive threshold issue such as a challenge to a plaintiff's standing…or pending resolution of qualified immunity claims." *New England Carpenters Health and Welfare Fund*, 2013 WL 690613 at 1. (internal citations omitted). "'Where the Court finds that a stay of discovery is unlikely to significantly expedite the litigation, and may actually slow it down, it will decline to interfere.'" *Id.*, citing *Tamburo v. Dworkin*, 2010 WL 4867346, *2 (N.D. Ill., 2010).

5. Discovery in this wrongful death case has been slowed to a halt for over seven months. Regardless of the Court's ruling on the individual Sheriff defendants' motions to dismiss, this case will proceed and discovery will be necessary. Thus, any further stay of discovery will not expedite the litigation, but only slow it down. Plaintiff therefore respectfully requests that the Court lift the discovery stay entered on January 11, 2023 and allow the parties to engage in

discovery.

6.  Plaintiff also respectfully requests that the Court extend the time for the parties to complete fact discovery in this case since they have been unable to complete any additional discovery since January 2023. There are currently 21 individual defendants and so Plaintiff proposes an extension of time until March 29, 2023 to complete fact discovery.

WHEREFORE, Plaintiff respectfully requests that this Court lift the discovery stay entered on January 11, 2023 and extend the time for the parties to complete fact discovery to March 29, 2023.

Respectfully submitted,

/s Kathleen A. Hennessy

HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 620
Chicago, Illinois 60604
312.726.3173